## J. Haney v. The State.

Burglary—Verdict.—Trying an indictment for burglary, the jury found the accused guilty of "Burgerally & Theft," and he moved in arrest of judgment. *Held*, that there is no such offense, and no such word, as *burgerally*, nor is it *idem sonans* with "burglary;" wherefore the verdict is unintelligible, and it was error to overrule the motion in arrest.

Appeal from the District Court of Hunt. Tried below before the Hon. G. J. Clark.

The accused, it seems, made a raid one night on a neighbor's smoke-house, broke into it, and stole half a side of bacon. Hence this indictment.

The loser was a witness for the state. His account of finding and identifying his meat was as follows :

"I went to Johnson Haney's and told him I had lost the meat, and that he was suspicioned. He said he was innocent. I asked him to show me his meat, and he did so. He took out one or two pieces from a box he had it in, and then stopped. I told him to go on, and he then

got out a piece that I recognized as mine. It was about a half of a middling. I had split a middling open, and sold him half of it, a few days before, and the piece missed was the other half. I tried to fit it to the piece he had, and which I had sold him, and it fit *verbatum*."

*Jones & Lewis*, and *E. W. Terhune*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J. The indictment in this case charges the defendant with the crime of burglary. The offense is alleged to have been committed June 10, 1875, and the property stolen of the value of $6.80. The indictment was drawn under Article 724 of the Criminal Code.

The motions of the defendant to transfer the case to the county court, and to quash the indictment, were properly overruled.

We think the verdict of the jury is defective, and not sufficient to sustain the judgment. The verdict is as follows: "We the jury find the defendant, Johnson Haney, guilty of Burgerally & Theft as charged in the indictment, and assess his punishment at (4) four years' confinement in the penitentiary. J. S. Alexander, foreman." On the return of the verdict a judgment was entered by the court ordering and adjudging that the defendant be confined in the state penitentiary for four years.

There is no such offense as "burgerally" in this state. The verdict is unintelligible. There is no such word in the English language as "burgerally." This word is so distinctly written in the record that there can be no mistake about it. It is not a mistake committed by the clerk in making up the transcript. The counsel for the defendant raises the question on his motion in arrest of judgment. Bad spelling will not vitiate a verdict when it has the

requisites of being certain and intelligible. "Burglary" and burgerally are not *idem sonans.*

For this error in the verdict the judgment must be reversed and the cause remanded.

*Reversed and remanded.*